IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NEIL LYNN NUNES,<br><br>           Petitioner<br>v.<br><br>WARDEN DEMETRIC GODFREY,<br><br>           Respondent. | Cause No. CV 25-48-GF-DWM<br><br>ORDER |

Petitioner Neil Lynn Nunes ("Nunes"), a state prisoner proceeding pro se, filed a petition seeking federal habeas corpus relief under 28 U.S.C. § 2254. *See*, (Doc. 1.) Nunes also sought leave of the Court to proceed in forma pauperis but neglected to provide a copy of his inmate account statement for the last six months. *See*, (Doc. 2.)

The petition was prescreened, and an order was entered informing Nunes that his filing was subject to dismissal for various reasons. *See*, (Doc. 4.) Nunes failed to identify a federal constitutional violation and asked this Court to exercise "plain error review" of rulings entered by the state courts. Nunes was informed that is not this Court's role. (*Id.* at 3.) It also appeared that Nunes' claims may be unexhausted and Nunes was advised he needed to fully exhaust any claims before he could proceed in federal habeas. (*Id.*)

1

Nunes was provided with the amended 28 U.S.C. § 2254 form and was directed that if he wished to proceed, he would need to complete and return the form. He was also advised that a failure to do so would result in dismissal of the action because he did not state a cognizable claim. Nunes was also informed that he either needed to pay the filing fee or submit a copy of the account statement. (*Id.*)

Nunes timely responded, but he did not comply with the Court's order. (Doc. 5.) He did not file an amended petition, but instead filed a document in which he asked this Court to "look through" the state court decisions and rule on claims which he asserted the state courts had neglected to consider. (*Id.* at 1-2.) Contradicting this assertion, Nunes attached documents form the Clerk of the Montana Supreme Court which indicate he has an active petition for writ of habeas corpus and a direct appeal from the state district court's denial of his petition for postconviction relief pending before the Montana Supreme Court. *See*, (Doc. 5-1 at 1-2.) In short, Nunes' filing is non-responsive and non-compliant with this Court's prior order. On this basis alone, the matter is subject to dismissal. *See e.g., Ferdik v. Bonzelet*, 963 F. 2d 1258, 1260-61 (9th Cir. 1992); *Malone v. United States Postal Service*, 833 F. 2d 128, 130 (9th Cir. 1987).

Additionally, a federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in

2

federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

3

In the present matter, the state courts have not yet considered the claims Nunes attempts to advance. To the extent Nunes has cognizable federal claims, he must first present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. The fact that the state courts have not done so on the timeline Nunes would prefer does not create a viable federal claim. Because Nunes has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Dismissal will be **without prejudice**, allowing Nunes to return to this Court if and when he fully exhausts the claims relative to his current custody.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Nunes has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Nunes' Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

2. Nunes' Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is DENIED as moot.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 13th day of August, 2025.

Donald W. Molloy, District Judge
United States District Court

5